## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DANNY KITTLE, *individually, and*
*on behalf of other similarly situated individuals*,

       Plaintiff,                                CLASS ACTION

v.                                        JURY TRIAL DEMANDED

BUDGET TRUCK RENTAL, LLC,
*a Delaware limited liability company*,

       Defendant.
_____/

### CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
### FAIR AND ACCURATE CREDIT TRANSACTIONS ACT (FACTA)

Plaintiff, Danny Kittle ("Plaintiff"), on behalf of himself and other similarly situated individuals, sues Defendant, Budget Truck Rental, LLC ("Defendant"), and alleges the following upon information and belief, and his own personal knowledge.

### I.     NATURE OF THE CASE

1. This action arises from Defendant's violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*., ("FCRA"), which requires persons that accept debt cards or credit cards for the transaction of business to truncate certain card number information on printed receipts provided to consumers. Despite the clear language of the statute, Defendant knowingly or recklessly failed to comply with FCRA by printing the expiration date of its customers' credit and debit cards on transaction receipts. As a result of Defendant's unlawful conduct, Plaintiff and the Class who conducted business with Defendant during the time frame relevant to this action have suffered a violation of their substantive rights under § 1681c(g), an invasion of their privacy, breach of their confidence in the safe handling of their account information, exposure to an elevated risk of identity theft, and

were unfairly burdened with the need to keep or destroy the receipt, to prevent further disclosure of their account information.[1] Accordingly, Plaintiff and the Class are entitled to an award of statutory damages and other relief as further detailed herein.

## II.     JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1681p, and 28 U.S.C. § 1331, because the claims in this action arise from the violation of a federal statute.

3.      Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred here. Defendant does business in this District and its contacts here are sufficient to subject it to personal jurisdiction.

## III.     PARTIES

4.      Plaintiff is a natural person who, at all times relevant to this action, was and is a citizen of the state of Florida whose domicile is in Manatee County, FL.

5.      Defendant is a Delaware limited liability company whose principal address is 6 Sylvan Way, Parsippany, NJ 07054, and whose registered agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

6.      Defendant is a leading truck rental company in the United States, serving both the consumer and light commercial sectors. Budget Truck Rental operates through a network of more than 1,600 corporate-owned and dealer locations throughout the continental United States, including its location at Palm Beach Airport, 2005 Belvedere Road, West Palm Beach, FL 33406.

---

[1] Recently, the Eleventh Circuit Court of Appeals held that producing transaction receipts that fail to truncate all but the last five digits of a credit or debit card number causes consumers to incur multiple concrete harms. *See Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175 (11th Cir. Apr. 22, 2019). *See also Lawrence v. South Florida Racing Association, LLC*, No. 1:18-cv-24264-UU (S.D. Fla. Jan. 14, 2019); *Rehman v. Dania Entertainment Center, LLC*, No. 0:18-cv-62481-DPG (S.D. Fla. April 9, 2019).

Budget Truck Rental is a wholly owned subsidiary of Avis Budget Group, Inc. (NASDAQ: CAR).[2]

## IV.   FACTUAL ALLEGATIONS

### A.   Background of FACTA

7.      Identity theft is a serious issue affecting both consumers and businesses. As of 2018, a Harris Poll revealed that nearly 60 million Americans have been affected by identity theft.[3] There were a record high 16.7 million victims of identity fraud in 2017 alone, and account takeovers (when a thief opens a credit card account or other financial account using a victim's name and other stolen information) tripled in 2017 from 2016, causing $5.1 billion in losses.[4]

8.      Congress enacted FACTA to prevent identity theft and related harm. See Pub. L. No. 108-159 (December 4, 2003) ("An Act . . . to prevent identity theft . . . and for other purposes.")

9.      Upon signing FACTA into law, President George W. Bush remarked that "[s]lips of paper that most people throw away should not hold the key to their savings and financial secrets." 39 Weekly Comp. Pres. Doc. 1746, 1757 (Dec. 4, 2003). President Bush added that the government, through FACTA, was "act[ing] to protect individual privacy." *Id.*

10.      One such FACTA provision was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or bank account from a receipt provided to the consumer during a point of sale transaction, which, through any number of ways, could fall into the hands of someone other than the consumer.

11.      Codified at 15 U.S.C. § 1681c(g), this provision states the following:

> ***Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more***

---

[2] Source: https://www.budgettruck.com/resources/factsheet (Last viewed: September 30, 2019)
[3] Source:https://www.lifelock.com/learn-identity-theft-resources-how-common-is-identity-theft.html (Last viewed: September 30, 2019).
[4] Source: https://www.iii.org/fact-statistic/facts-statistics-identity-theft-and-cybercrime (Last viewed: September 30, 2019).

***than the last 5 digits of the card number or the expiration date upon any
receipt provided to the cardholder at the point of sale or transaction.***

15 U.S.C. § 1681c(g) (the "Receipt Provision").

12.     After enactment, FACTA provided three (3) years in which to comply with its

requirements, mandating full compliance with its provisions no later than December 4, 2006.

13.     The requirement was widely publicized among retailers and the FTC. For example,

on March 6, 2003, in response to earlier state legislation enacting similar truncation requirements,

then-CEO of Visa USA, Carl Pascarella, explained that, "Today, I am proud to announce an

additional measure to combat identity theft and protect consumers. Our new receipt truncation

policy will soon limit cardholder information on receipts to the last four digits of their accounts.

The card's expiration date will be eliminated from receipts altogether . . . The first phase of this

new policy goes into effect July 1, 2003 for all new terminals."[5] Within 24 hours, MasterCard and

American Express announced they were imposing similar requirements.

14.     Card-issuing organizations proceeded to require compliance with FACTA by

contract, in advance of FACTA's mandatory compliance date. For example, the publication,

"Rules for Visa Merchants," which is distributed to and binding upon all merchants that accept

Visa cards, expressly requires that "only the last four digits of an account number should be printed

on the customer's copy of the receipt" and "the expiration date should not appear at all."[6]

15.     Because a handful of large retailers did not comply with their contractual

obligations to the card companies and the straightforward requirements of FACTA, Congress

---

[5] *Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft*, PR
NEWSWIRE (Mar 06, 2003) https://www.finextra.com/newsarticle/8206/visa-to-hide-card-numbers-in-bid-to-cut-identity- (Last viewed: September 30, 2019).
[6] *Rules for Visa Merchants*, VISA (Sept. 1, 2007),
http://www.runtogold.com/images/rules_for_visa_merchants.pdf (Last viewed: September 30, 2019).

passed The Credit and Debit Card Receipt Clarification Act of 2007 to make temporary changes to the definition of willful noncompliance with respect to violations involving the printing of an expiration date on certain credit and debit card receipts before the date of the enactment of this Act.[7]

16.     Accordingly, card processing companies continued to alert their merchant clients, including Defendant, of FACTA's requirements. According to a Visa Best Practice Alert in 2010:

> Some countries already have laws mandating PAN truncation and the suppression of expiration dates on cardholder receipts. For example, the United States Fair and Accurate Credit Transactions Act (FACTA) of 2006 prohibits merchants from printing more than the last five digits of the PAN or the card expiration date on any cardholder receipt. (Please visit http://www.ftc.gov/os/statutes/fcrajump.shtm for more information on the FACTA.) To reinforce its commitment to protecting consumers, merchants, and the overall payment system, Visa is pursuing a global security objective that will enable merchants to eliminate the storage of full PAN and expiration date information from their payment systems when not needed for specific business reasons. To ensure consistency in PAN truncation methods, Visa has developed a list of best practices to be used until any new global rules go into effect.

*See Exhibit A*, Visa Best Practices Alert.

17.     As noted above, the processing companies have required that credit card or debit card expiration dates not be shown since 2003 and still require it. For example, American Express requires:

> Pursuant to Applicable Law, truncate the Card Number and do not print the Card's Expiration Date on the copies of Charge Records delivered to Card Members. Truncated Card Number digits must be masked with replacement characters such as "x," "*," or "#," and not blank spaces or numbers.

*See Exhibit B*, American Express Merchant Requirements.

---

[7] *H.R. 4008 (110th): Credit and Debit Card Receipt Clarification Act of 2007*, GOV TRACK, https://www.govtrack.us/congress/bills/110/hr4008/text  (Last viewed: September 30, 2019).

18.     Similarly, MasterCard required in a section titled Primary Account Number (PAN) truncation and Expiration Date Omission:

> A Transaction receipt generated by an electronic POI Terminal, whether attended or unattended, must not include the Card expiration date. In addition, a Transaction receipt generated for a Cardholder by an electronic POI Terminal, whether attended or unattended, must reflect only the last four digits of the primary account number (PAN). All preceding digits of the PAN must be replaced with fill characters, such as "X," "*," or "#," that are neither blank spaces nor numeric characters.

*See Exhibit C*, Mastercard Acceptance Procedures.

19.     According to data from the Federal Trade Commission's 2017 Consumer Sentinel Network Data Book, Florida with its 208,443 complaints ranks No. 1 for the highest per capita rate of reported fraud and other types of complaints.[8]  For identity theft, Florida is ranked No. 2 in the country with a total of 31,167 complaints, with total loses from fraud estimated at $54.7M.[9] Also, some of the top metro areas for identity theft are in Florida, according to the report.  First is the Cape-Coral-Ft. Myers area with 781.0 complaints per 100,000 people, and the Miami-Dade area counts 743.0 complaints per 100,000 people.[10]

20.     So problematic is the crime of identity theft that the three main credit reporting agencies, Experian, Equifax, and Transunion, joined to set-up a free website (http://www.annualcreditreport.com) in order to comply with FACTA requirements and to provide the citizens of this country with a means of monitoring their credit reports for possible identity theft.

21.     FACTA clearly prohibits the printing of credit and debit card expiration dates to

---

[8] Source: https://www.ftc.gov/policy/reports/policy-reports/commission-staff-reports/consumer-sentinel-network-data-book-2017/main  (Last viewed: September 30, 2019).
[9] Source: https://www.ftc.gov/policy/reports/policy-reports/commission-staff-reports/consumer-sentinel-network-data-book-2017/state-rankings-id-theft-reports (Last viewed: September 30, 2019).
[10] *Id.*

protect persons from identity theft.

**B.**     **Defendant's Prior Knowledge of FACTA**

22.     Most of Defendant's business peers and competitors currently and diligently ensure their credit card and debit card receipt printing process remains in compliance with FACTA by consistently verifying their card machines and devices comply with the truncation requirement. Defendant could have readily done the same.

23.     In addition to being informed not to print the expiration date or more than the last five (5) digits of credit or debit cards, Defendant was contractually prohibited from doing so. Defendant accepts credit cards and debit cards from all major issuers. As discussed, *supra*, these companies set forth requirements that merchants, including Defendant, must follow, including FACTA's redaction and truncation requirements.

24.     Worse yet, this Defendant's knowledge of FACTA is first-hand. In 2011, one of Avis Budget Group, Inc.'s franchisees, The Kansas City Landsmen, LLC d/b/a "Budget Rent A Car," was sued for violating FACTA in the same way as described herein: for printing nine digits of the plaintiff's credit card number, as well as the expiration date. *See Galloway v. The Kansas City Landsmen, L.L.C.*, No. 4:11-cv-01020-DGK (W.D. Miss. Filed Oct 7, 2011).

25.     Here, as in *Galloway*, Defendant, for reasons known only to itself, ignored the requirements of FACTA and printed the expiration date upon receipts provided to cardholder at the point of sale or transaction.

**C.**     **Plaintiff's Factual Allegations**

26.     On September 19, 2018, Plaintiff rented a vehicle using his personal credit card at the Budget Car and Truck Rental, 2005 Belvedere Road, West Palm Beach, FL 33406.

27.     Plaintiff was subsequently provided an electronically printed rental agreement

receipt bearing the expiration date of his credit card.

28.     As a direct result of Defendant's printing of a receipt bearing the expiration date of his credit card, Plaintiff took action to safeguard the receipt.

29.     The printing of the expiration date of Plaintiff's credit card invaded his privacy by disclosing his private financial information to the store employee who provided the receipt.

30.     Defendant's disclosure of the expiration date of Plaintiff's credit card breached Plaintiff's confidence in the proper handling of his account information.

**D.     Defendant's Misdeeds**

31.     At all times relevant herein, Defendant's violation of FACTA, as well as that of its subsidiaries, agents, servants and/or employees, including without limitation Defendant's Palm Beach Airport location, and the employees thereof, was knowing or reckless.

32.     Defendant utilizes the same, uniform receipt printing equipment and receipt format at all Budget Truck Rental locations in the United States.

33.     Plaintiff is informed and believes that Defendant implements, oversees, and maintains control over the same uniform debit and credit card payment processing policies, practices, and procedures for the consumer transactions at issue in this case at all of its vehicle rental locations nationwide by, without limitation, negotiating, entering into, and acting pursuant to various contracts and agreements with the electronic payment processing company whose technology Defendant uses to process all such transactions at its retail locations nationwide.

34.     It is Defendant's policy and procedure to provide an electronically printed receipt to individuals at the point-of-sale – *i.e*., immediately upon accepting a credit card.

35.     Plaintiff is informed and believes that Defendant and/or its point of sale system maintains records of all payment transactions and stores customers' information, including

duplicate hard copies and electronic copies of all payment receipts provided to customers and can easily provide records of all electronically printed receipts provided to its patrons during the time frame relevant to this action.

36.     Notwithstanding its extensive, first-hand knowledge of the requirements of FACTA and the dangers imposed upon consumers through its failure to comply, Defendant has issued, during the time frame relevant to this Complaint, thousands of point-of-sale receipts revealing the expiration dates of credit and debit cards.

37.     By shirking its FACTA obligations on such a large scale, Defendant systematically violated Plaintiff's and the other putative Class members' privacy, breached their confidence, mishandled their personal account information, and exposed them to a heightened risk of identity theft. Defendant's conduct alleged herein resulted in the disclosure of Plaintiff's and the Class members' private financial information to persons who might find the receipts in the trash or elsewhere, as well as the Defendant's retail employees who handled the receipts.

38.     Simply put, by printing numerous transaction receipts in violation of this long-standing and well-known federal statute, Defendant has caused – to paraphrase the words of the Honorable Judge Posner (retired) – "an unjustifiably high risk of harm that [wa]s either known or so obvious that it should [have been] known" to Defendant. *Redman v. RadioShack Corp.*, 768 F.3d 622, 627 (7th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

## V.     CLASS ALLEGATIONS

39.     This action is also brought as a Class Action under Fed. R. Civ. P. 23. Plaintiff proposes the following class, subject to modification by the Court as required:

> **All persons in the United States who, within the two (2) years prior to the filing of the complaint through the date of the Court's order granting**

*class certification, (i) engaged in one or more transactions using a debit card or credit card at one or more Budget Truck Rental locations in the United States, and (ii) at which time Defendant's point-of-sale system was programmed to generate a printed customer receipt displaying the expiration date of the credit or debit card number used in connection with such transaction(s).*

40.    Plaintiff falls within the class definition and is a member of the class. Excluded from the class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

**A.    Certification Under Rule 23(b)(3) is Proper.**

41.    The class is ascertainable. It is defined based on objective criteria. Also, its members generally can be identified based in whole or in part on information within Defendant's possession, custody, or control, as well as from records of the entities that processed the card transactions at issue, and records of the banks that issued the credit/debit cards.

42.    Defendant, throughout each of its locations, prints numerous credit and debit card receipts each day. The class period is two years. Therefore, the class is sufficiently numerous such that individual joinder of all members is impractical. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court by avoiding a multiplicity of identical suits.

43.    Although FACTA does not distinguish between business and consumer transactions, to the extent this is an issue, the payments made with the two types of cards are easily discernible: merchants are charged different interchange fees for card transactions that vary based on whether the card is a business card or a consumer card. There are different interchange categories and codes assigned to each transaction that distinguish whether a card used for a

transaction is a business card or a consumer card. Defendant and its merchant bank(s) could easily identify whether a particular transaction involved a business card or a consumer card.

44.     There are common questions of law and fact that predominate over any questions affecting only the individual members of the class. The wrongs alleged against Defendant are statutory in nature and common to each and every member of the putative class.

45.     While all Class Members have experienced actual harm as previously explained herein, this suit seeks only statutory damages on behalf of the class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

46.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the class include the following:

a.      Whether, within the two (2) years prior to the filing of this Complaint, Defendant and/or its agents employed a point-of-sale payment system programmed to generate credit or debit card transaction receipts that reveal expiration dates;

b.      Whether Defendant's actions violate FACTA;

c.      Whether Defendant's violation was knowing or reckless; and

d.      The extent of statutory damages for Defendant's violation.

47.     As a person who patronized one or more of Defendant's vehicle rental offices and was provided a printed receipt revealing the expiration date of his credit card, Plaintiff is asserting claims that are typical of the proposed class. Plaintiff will fairly and adequately represent and

protect the interests of the class in that Plaintiff has no interests antagonistic to any member of the class, and has engaged competent class counsel.

48.     The principal question is whether Defendant violated section 1681c(g) of the FCRA by providing Class Members with electronically printed receipts in violation of the Receipt Provision. The secondary question is whether Defendant's violation was knowing or reckless.

49.     Plaintiff and the members of the class have all suffered harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the class, along with countless future customers of Defendant's vehicle rental offices, will continue to face the potential for irreparable harm. In addition, these violations of law would be allowed to proceed without remedy and Defendant will continue such illegal conduct. Because of the size of the individual Class Members' claims, few Class Members could afford to seek legal redress for the wrongs complained of herein.

50.     Defendant's defenses are and will be typical of and the same or identical for each of the members of the class and will be based on the same legal and factual theories. There are no unique defenses to any of the Class Members' claims.

51.     A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class Members in individually controlling the prosecution of separate claims against Defendant is small. The maximum statutory damages in an individual action for a violation of this statute are minimal, and the cost and effort needed to prosecute a claim to recover those minimal damages, makes individual litigation infeasible. Conversely, the claims at issue are well-suited for class treatment given the commonality of claims and relative ease of management.

## COUNT I – VIOLATION OF  15 U.S.C. § 1681(c)(g)

52.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

53.     15 U.S.C. §1681c(g) states as follows:

> ***Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.***

54.     This section applies to any "device that electronically prints receipts" ("Devices") at point of sale or transaction. 15 U.S.C. §1681c(g)(3).

55.     Defendant employs the use of said Devices for point of sale transactions at each of its vehicle rental offices, including the Palm Beach Budget Car and Truck Rental.

56.     On or before the date on which this complaint was filed, Plaintiff and members of the class were provided receipt(s) by Defendant that failed to comply with the Receipt Provision.

57.     At all times relevant to this action, Defendant was aware, or should have been aware, of both the Receipt Provision as well as the need to comply with said provision.

58.     Notwithstanding the three-year period to comply with FACTA and its accompanying provisions, nor the subsequent years since FACTA became effective; and having direct knowledge of the Receipt Provision and FACTA as a whole; Defendant knowingly or recklessly violated and continues to violate the Receipt Provision.

59.     By printing the expiration date of Plaintiff's credit card number on Plaintiff's transaction receipt, Defendant caused Plaintiff and its other customers numerous injuries as described above. *See Muransky*, 922 F.3d 1175 (11th Cir. Apr. 22, 2019).

60.     As a result of Defendant's willful violations of the FCRA, Defendant is liable to Plaintiff and members of the class pursuant to 15 U.S.C. § 1681n for statutory damages, punitive damages, attorney's fees and costs.

\*      \*      \*

**WHEREFORE**, Plaintiff Danny Kittle respectfully requests that this Court enter judgment in his favor and the class, and against Defendant, as follows:

a.      Granting certification of the Class;

b.      Awarding statutory damages;

c.      Awarding punitive damages;

d.      Awarding attorneys' fees, litigation expenses and costs of suit, and;

e.      Awarding such other and further relief as the Court deems proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 1, 2019

**DANNY KITTLE**, *individually, and on behalf of other similarly situated individuals*

/s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar Number 0597651

Scott D. Owens, Esq. (FBN 0597651)
**SCOTT D. OWENS, P.A.**
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

Bret L. Lusskin, Esq. (FBN 028069)
**BRET LUSSKIN, P.A.**
20803 Biscayne Blvd., Ste. 302
Aventura, FL 33180
Tel: 954-454-5841
Fax: 954-454-5844
blusskin@lusskinlaw.com

Keith J. Keogh, Esq. (FBN 126335)
**KEOGH LAW, LTD.**
55 W. Monroe St., Ste 3390
Chicago, IL 60603
Tel: 312-726-1092
Fax: 312-726-1093
keith@keoghlaw.com